IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAIL BOXES ETC., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. CIV-06-130-L |
| ) | |
| CMS ENTERPRISES, INC., ) | |
| MICHAEL MORAN, and CYNTHIA ) | |
| MORAN, ) | |
| ) | |
| Defendants. ) | |

## **O R D E R**

On February 7, 2006, plaintiff, Mail Boxes Etc., Inc. ("MBE"), filed this action seeking damages and injunctive relief for alleged trademark infringement, unfair competition, and breach of contract. This dispute arises out of franchise agreements between plaintiff and defendants for the operation of private mail centers in Altus and Lawton, Oklahoma. Plaintiff contends the franchise agreements were terminated as of January 31, 2006. It alleges that after the contracts terminated, defendants have used its trademarks and have violated the terms of the parties' contracts with respect to post-termination obligations. Although defendants dispute whether a valid termination of the parties' agreements occurred, they contend they are no longer using plaintiff's name or its trademarks in the operation of their business.

This matter is before the court on plaintiff's motion for a temporary restraining order and preliminary injunction. Plaintiff asks the court to enter a temporary restraining order:

    A.    Enjoining Defendants . . . from:

        1. Using the MBE Marks or any trademark, service mark, logo or trade name that is confusingly similar to any of the MBE Marks;

        2. Otherwise infringing the MBE Marks or using any similar designation, alone or in combination with any other components;

        3. Passing off any of their products or services as those of MBE or MBE authorized franchisees;

        4. Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of their business, products or services;

        5. Causing a likelihood of confusion or misunderstanding as to their affiliation, connection or association with MBE and its franchisees or any of MBE products or services; and

        6. Unfairly competing with MBE or its franchisees, in any manner;

    B.    Requiring . . . that all labels, signs, prints, packages, wrappers, receptacles, logo items, and advertisements in the possession of defendants . . . bearing any of the MBE Marks . . . be delivered to MBE at Defendants' cost;

    C.    Directing Defendants to promptly eliminate all advertising under the MBE Marks . . .;

> D. Directing Defendants to comply strictly with their post-termination obligations to:
>
> 1. Assign the telephone numbers, fax numbers, web addresses and e-mail addresses for their former MBE Center to MBE;
>
> 2. Return to MBE its proprietary equipment and all operating manuals and other confidential information and instructions provided to them (as to the Lawton store);
>
> 3. Return all stationary and other materials bearing the MBE logos and Marks;
>
> 4. Not solicit business or make contact with customers of an MBE Center for any competitive business purpose; and
>
> 5. Not persuade any employee of an MBE Center to discontinue their employment.
>
> E. Ordering Defendants to authorize de-installation of all Wi-fi equipment by MBE's vendor SBC Global Services, Inc.; and
>
> F. Requiring Defendants to file with the Court and to serve upon MBE's counsel within ten (10) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which they have complied with such injunction or order.

Mail Boxes Etc., Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction at 2-5. Based on defendants' response and plaintiff's reply brief, it appears the only significant item at issue in this motion is defendants' continuing use of the telephone and facsimile numbers that were associated with the stores when

they were MBE franchises.  *See* Reply Memorandum in Support of Motion for Temporary Restraining Order and Temporary Injunction at 2 n.2.[1]

Plaintiff, as the party seeking a temporary restraining order, must satisfy the following prerequisites:

> (1) substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.

Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir. 1980).  When a party seeking an injunction establishes the other three elements, the standard for meeting the "probability of success" requirement becomes more lenient.  "The movant need only show 'questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation.'"  Resolution Trust Corp. v. Cruce, 972 F.2d 1195, 1199 (10th Cir. 1992).  The modified likelihood of success standard, however, does not apply if the party is seeking one of the three disfavored types of preliminary injunctions:  (1) a preliminary injunction that alters the status quo; (2) a mandatory preliminary injunction; or (3) a preliminary injunction that affords the movant all the relief that it could recover at the conclusion of trial on the merits.  In that event, the party "must make a strong showing both with regard to the likelihood of success on

---

[1] Plaintiff also contends that it "is not seeking enforcement of the covenant not to compete provisions in the parties' Agreements."  Id. at 8 n.8.  Plaintiff therefore appears to abandon its call for the relief requested at paragraphs A(6) and D(4) of the Motion for Temporary Restraining Order.

the merits and with regard to the balance of harms". O Centro Esperita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 976 (10th Cir. 2004) (*en banc*) (*per curiam*), *aff'd* 546 U.S. ___, Case No. 04-1084, slip op. at 19 (Feb. 21, 2006). The court must closely scrutinize the case "to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." O Centro Esperita Beneficiente Uniao Do Vegetal, 389 F.3d at 976.

After reviewing the parties' briefs, the court finds there is a genuine dispute with respect to the court's jurisdiction to even entertain plaintiff's motion. The parties' contracts provide that "[a]ny non-monetary disputes shall be submitted to and settled by binding arbitration." Exhibits A and C to Declaration of Robert Creech in Support of Plaintiff's Application for Temporary Restraining Order at ¶ 13.07. [2] Indeed, the parties are currently embroiled in arbitration at plaintiff's insistence. In their response, defendants informed the court that they and other franchisees filed suit in the Superior Court of California, San Diego County, against Mail Boxes Etc. USA, Inc. ("MBE") and its parent company, United Parcel Service, in July 2003. *See* Complaint filed July 10, 2003 in Independent Ass'n of Mailbox Center Owners, Inc. v. Mail Boxes Etc. USA, Inc., attached as Exhibit B to Defendants' Opposition to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. In August 2003, MBE successfully moved to compel arbitration pursuant to the

---

[2] Plaintiff's argument that "Section 13.08.F [of the parties' contracts] does not mandate that injunctive relief has to be sought in arbitration, only that it can be sought" fails to recognize – or even to address – the contract language quoted in the text.

arbitration clauses in the parties' franchise agreements.  That litigation is ongoing.  *See* Independent Ass'n of Mailbox Center Owners, Inc. v. Mail Boxes Etc., USA, Inc., 133 Cal. App. 4th 396, 34 Cal. Rptr. 3d 659 (2005).  On February 22, 2006, defendants filed a motion to dismiss or stay this action based on the pending arbitration.  The court finds the issues raised by that motion should be addressed before the court considers whether preliminary injunctive relief in this forum is warranted.

Therefore, given this jurisdictional dispute and based on the standard enunciated above,[3] the court DENIES plaintiff's Motion for a Temporary Restraining Order (Doc. No. 8).  This denial, however, is without prejudice to the court's consideration of plaintiff's motion for preliminary injunction after the jurisdictional dispute is settled.

It is so ordered this 27th day of February, 2006.

*/s/ Tim Leonard*
TIM LEONARD
United States District Judge

---

[3] Contrary to plaintiff's argument, issuance of the injunction it seeks would alter the status quo as it would require defendants to cease using telephone numbers they have employed for ten years.